FILED
2019 Oct-28  AM 09:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **Renay Cunningham,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No.:** |
| v. ) | |
| ) | _____ |
| **Professional Wiregrass Communications,** ) | |
| **Inc., and Douglas E. Lindley** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

### I.     INTRODUCTION

COMES NOW the Plaintiff, Renay M. Cunningham, by and through her counsel, for her complaint against Professional Wiregrass Communications, Inc. (hereinafter "Wiregrass"), and Douglas E. Lindley (hereinafter "Lindley") seeking to recover unpaid overtime compensation under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201 et seq., and hereby states and alleges as follows:

### II.    JURISDICTION

1.     The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. The Court has subject matter jurisdiction over Plaintiff's FLSA claims based upon 29 U.S.C. §216(b) and 28 U.S.C. §§ 1331-37.

2.     The FLSA does not require the exhaustion of administrative remedies.

### III.   PARTIES

3.     Plaintiff is a female citizen of the United State and a resident of the State of Alabama.

4.     Defendant Professional Wiregrass Communications, Inc., maintains its principal

place of business at 4929 Highway 84 East, Dothan, AL 36301, and its registered agent at 328 Dexter Avenue, Montgomery, Alabama 36104.

5. Defendant Douglas E. Lindley office's street address is at 328 Dexter Avenue Montgomery, Alabama 36104.

## IV. STATEMENT OF FACTS

6. This action is brought by Plaintiff pursuant to the FLSA, 29 U.S.C. Sec. 201 *et seq.* to remedy violations of the wage provisions of the FLSA by Defendants.

7. This action is brought to recover unpaid compensation, in the form of unpaid overtime compensation, owed to Plaintiff.

8. Plaintiff worked for Wiregrass during the 3-year period, i.e. potential liability period, preceding the filing of this complaint.

9. Plaintiff was paid an hourly rate multiplied by the number of hours she worked.

10. Plaintiff often worked overtime averaging 96 hours in a 2-week period, but never paid overtime compensation.

11. Plaintiff was a non-exempt employee eligible for overtime compensation under the law.

## V. CAUSES OF ACTION

### A. FLSA Claim for Unpaid Overtime Pursuant to 216(b) of the Fair Labor Standards Act.

12. Plaintiff reasserts and incorporates the paragraphs above.

13. At all times relevant to this action, Wiregrass was an "employer" of Plaintiff as defined by Sec. 203(d) Of the FLSA.

14. At all times relevant to this action, Douglas E. Lindley was Plaintiff's employer due to his day-to-day control over Wiregrass's finances, operations, and his involvement in setting

employee compensation.

15. At all times relevant to this action, Plaintiff was an "employee" of Wiregrass and Douglas Lindley as defined by Sec. 203(e)(1) of the FLSA and she worked in the United States.

16. The provisions of Sections 206 and 207 of the FLSA respectively apply to Wiregrass and Douglas Lindley.

17. Plaintiff routinely worked in excess of forty (40) hours in a seven-day workweek without receiving 1.5 her regular rate of pay for those overtime hours.

18. Wiregrass and Douglas Lindley failed to pay Plaintiff the overtime compensation she was owed at the prescribed overtime rate despite their knowledge of the FISA and that such compensation was due.

19. Defendants' failure to pay Plaintiff legally prescribed overtime was willfully perpetrated in bad faith entitling Plaintiff to recover under the applicable 3-year statute of limitations.

### VI. RELIEF

**WHEREFORE**, it is respectfully prayed that this Court grant to Plaintiff the following relief:

a. Issue an Order, pursuant to the Declaratory Judgment Act, 28 §§2201-2202, declaring that Defendants as described in the Complaint, are unlawful and in violation of the FLSA and applicable regulations;

b. Issue an Order directing and requiring Defendants to pay Plaintiff damages for hours worked in excess of 40 hours in a week at legally prescribed overtime rates;

c. Issue an Order directing and requiring Defendant Wiregrass and/or Defendant Douglas E. Lindley to pay Plaintiff liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of overtime wages owed to her;

  d. Issue an Order directing Defendant Wiregrass and/or Defendant Douglas E. Lindley to reimburse Plaintiff for the costs and attorneys' fees expended in the course of litigating this action, together with pre-judgment and post-judgment interest and

  e. Provide Plaintiff with such other and further relief, as the Court deems just and equitable.

              Respectfully submitted,

              /s/   Robert J. Camp
              Robert J. Camp
              **Counsel for Plaintiff**

**OF COUNSEL:**
WIGGINS, CHILDS, PANTAZIS
FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500

              /s/ Robert J. Camp
              **OF COUNSEL**


Plaintiff requests this Honorable Court to serve via certified mail upon the Defendant the following: Summons, Complaint.

**Defendant's Address:**
Professional Wiregrass Communications, Inc.
P.O. Box 429
Dothan, AL 36302

Douglas E. Lindley
328 Dexter Avenue
Montgomery, AL 36104

              /s/ Robert J. Camp
              **OF COUNSEL**